COWART, Judge.
While a dependent child’s parents were in prison and the child was in the temporary protective foster care, custody, and control of the Department of Health and Rehabilitative Services of the State of Florida, the juvenile judge ruled that “HRS does not have to enter into a Performance Agreement or provide visitation with the father, William M. Wade.” We reverse that portion of this order holding that HRS does not have to provide visitation for the dependent child in the custody of HRS to the imprisoned father. The administrative rule adopted by HRS requires a minimum of one monthly visitation between the child in custody and the family. See Fla.Admin. Code Rule 10M-6.07(l)(c). Under law this rule must be applied equally and with an even hand. A child’s “family” includes both parents. Until after a judicial hearing complying with all due process protection requirements and a final judicial order based on competent substantial evidence finding that for some legally sufficient reason the parent is not entitled to visitation with the child in the custody of HRS, each such child and each such parent is entitled to such visitation.
In this case HRS shall forthwith provide such visitation so long as HRS has either actual custody of the dependent child or has supervisory jurisdiction over the mother or any other person having actual custody.
AFFIRMED IN PART; REVERSED IN PART.
COBB, C.J., and SHARP, J., concur.